UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK WASHINGTON, | ) | CV F   05-1477 REC DLB HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | RECOMMENDING DISMISSAL FOR |
| v. | ) | FAILURE TO OBEY COURT ORDER |
| | ) | |
| J. WOODFORD, | ) | [Doc. 6] |
| | ) | |
| Respondent. | ) | |
| _____ | / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 7, 2006, the Court issued an order granting Petitioner an extension of time to either pay the $5.00 filing fee or submit a completed application to proceed in forma pauperis. Petitioner has failed to comply with the Court's order.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

1

1  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
2  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
3  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
4       In determining whether to dismiss an action for lack of prosecution, the Court must
5  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
6  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
7  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
8  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
9  F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
10 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
11 case has been pending since November 21, 2005.  The Court cannot hold this case in abeyance
12 indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
13 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
14 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
15 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
16 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  The Court's
17 order of March 7, 2006, specifically advised Petitioner "that should he fail to comply, the Court
18 will issue Findings and Recommendations to the assigned district judge for dismissal of the
19 action." (Court Doc. 6, at 2.)  Finally, given Petitioner's noncompliance with the Court's order,
20 no lesser sanction is feasible.
21      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
22 Petitioner's failure to prosecute.  This Report and Recommendation is submitted to the United
23 States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
24 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
25 Eastern District of California.  Within thirty (30) days after being served with a copy, any party
26 may file written objections with the court and serve a copy on all parties.  Such a document
27 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
28 Replies to the objections shall be served and filed within ten (10) court days (plus three days if

1 served by mail) after service of the objections.  The Court will then review the Magistrate
2 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
3 to file objections within the specified time may waive the right to appeal the District Court's
4 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5     IT IS SO ORDERED.

6     Dated:   __April 28, 2006__            __/s/ Dennis L. Beck__
3b142a                                                   UNITED STATES MAGISTRATE JUDGE