# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F   05-1477 OWW DLB HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| J. WOODFORD, | [Doc. 13] |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On May 1, 2006, the Magistrate Judge issued Findings and Recommendations that the petition for writ of habeas corpus be DISMISSED for failure to comply with a court order. (Court Doc. 7.) Specifically, Petitioner failed to submit an application to proceed in forma pauperis or pay the filing fee. During the objection period, on May 15, 2006, Petitioner submitted a motion to proceed in forma pauperis. (Court Doc. 8.) On May 22, 2006, the Court vacated the Findings and Recommendations of May 1, 2006, and denied Petitioner's application to proceed in forma pauperis as he had sufficient funds to pay the $5.00 filing fee. (Court Doc. 9.) Petitioner was directed to pay the $5.00 filing fee within thirty days from the date of service of that order. (<u>Id</u>.) On June 8, 2006, Petitioner filed a response to the Court's May 22, 2006, order. (Court Doc. 10.) On November 16, 2006, the Court issued an order in response to Petitioner's June 8, 2006, filing, directing Petitioner to submit the $5.00 filing fee within thirty

days from the date of service or the action would be dismissed.  (Court Doc. 12.)  On November 30, 2006, Petitioner filed a response to the Court's November 16, 2006, order.  (Court Doc. 13.)  As Petitioner did in his previous filing, Petitioner states that he paid the filing fee in April of 2006, and he claims that he has submitted several applications to proceed in forma pauperis.  Petitioner contends prison officials have obstructed and impeded his attempts by thwarting his legal mail to and from the courts.  As Petitioner was previously advised in this case, along with other cases (see e.g. Washington v. Scribner, 1:05-CV-1536 OWW LJO HC; Washington v. Scribner, 1:05-CV-1506 AWI DLB HC).

      As previously stated in this case, Petitioner's claim that he paid the filing fee in April of 2006, is unfounded as the Court did not receive the filing fees he allegedly forwarded.  Further, Petitioner's claim that prison officials have conspired to obstruct his attempts to comply with the orders in this case is completely unsubstantiated and unfounded, as he has failed to provide sufficient evidence on his attempts to comply, despite having several opportunities to do so.[1]  Moreover, according to the records in several other cases, it was Petitioner who caused obstruction by continually refusing to accept mail from the Court.  See Washington v. Woodford, 1:05-CV-1626 OWW DLB HC; Washington v. Woodford, 1:06-CV-0316 AWI SMS HC; Washington v. Woodford, et al., 1:05-CV-1507 AWI WMW HC; Washington v. Woodford, 1:05-CV-1506 AWI DLB HC; Washington v. Woodford, et al., 1:05-CV-1505 OWW WMW HC.  Further, Petitioner's claims are belied by the fact that he paid the filing fee in several other cases when ordered to do so.  See Washington v. Scribner, 1:05-CV-1537 REC TAG HC; Washington v. Scribner, 1:05-CV-1612 AWI WMW HC; Washington v. Alameida, 1:05-CV-1510 AWI WMW HC; Washington v. Scribner, 1:05-CV-1509 OWW WMW HC; Washington v. Scribner, 1:05-CV-1508 AWI TAG HC; Washington v. Scribner, 1:05-CV-1491 AWI DLB HC; Washington v. Scribner, 1:05-CV-1486 AWI TAG HC; Washington v. Scribner, 1:05-CV-1484 OWW WMW HC.

      Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

---

[1] Attached to his motion, Petitioner submits several notes to prison officials; however, they are dated in 2005 or February 2006, which do not substantiate his claim.

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since November 2005. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

Based on the foregoing, the instant action is DISMISSED for failure to comply with a court order and pay the $5.00 filing fee for this action. IT IS SO ORDERED.

Dated:   January 26, 2007         /s/ Oliver W. Wanger
emm0d6                            UNITED STATES DISTRICT JUDGE