# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F 05-1477 OWW DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| J. WOODFORD, | [Docs. 16, 17] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 16, 2006, the Court informed Petitioner that it had not received a filing fee and ordered Petitioner to pay the $5.00 filing fee for this action.  On November 30, 2006, Petitioner filed a response claiming, as he had done in previous filings, that he paid the filing fee in April of 2006.  The court advised Petitioner that his claim was unfounded as the court did not receive the filing fee as he alleged.  (Court Doc. 14.)

On September 7, 2007, Petitioner filed a motion to reopen this action.  Petitioner also seeks to appeal.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions for reconsideration are disfavored.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-926 (9th Cir. 1988).  "A party seeking reconsideration must show more

1

than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D. C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Petitioner seeks to re-open this action and vacate the judgment on the ground that prison officials refused to send the court the filing fee for this action.  The problem with Petitioner's argument is that the Court has already considered it and found it to be unfounded and without evidentiary support.  Now, almost eight months after judgment was entered in this action, Petitioner is simply attempting to re-argue this claim, and reconsideration is not warranted.

Petitioner also seeks to appeal this action.  a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for

commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention
complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the Court finds that reasonable jurists would not disagree with this court's dismissal of the action of failure to pay the filing fee and its decision to not re-open this case and vacate judgment.  Given the lack of evidence supporting Petitioner's contentions, reasonable jurists would have dismissed this case and declined to re-open it.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Petitioner's motion to re-open this action is DENIED; and,

2.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 5, 2008                          /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE